IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EMMITT DEWAYNE ATKINS, | § | |
| TDCJ-CID #1666149, | § | |
| v. | § | C.A. NO. C-12-331 |
| | § | |
| OFFICER JOSEPH BRADFORD, ET AL. | § | |

## OPINION DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pending is defendant Erica Perales's motion for a protective order.  (D.E. 53).

## I.  BACKGROUND

Plaintiff Emmitt Dewayne Atkins is an inmate in the Texas Department of Criminal

Justice, Correctional Institutions Division, and he is currently incarcerated at the Eastham Unit in

Lovelady, Texas, although his complaint involves events that arose while he was confined at the

McConnell Unit in Beeville, Texas.  He filed this action on October 24, 2012, alleging that

defendants violated his Eighth Amendment rights when they failed to protect him from an

assault by another inmate who threw scalding water at him, and then denied him timely and

appropriate medical treatment for his injuries.  (D.E. 1).

On November 5, 2012, a Spears[1] hearing was conducted.  The following allegations were

made in plaintiff's original complaint or at the hearing.

In May 2012, plaintiff was housed in general population at the McConnell Unit and was

housed with an inmate named Glen Bethany.  Prior to May 13, 2012, plaintiff and Mr. Bethany

had no problems with each other.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On May 13, 2012 at approximately 9:30 a.m., plaintiff was in the dayroom of 4 Building. Against prison policy, there was a working hot pot in the dayroom. It was located on the television and was in full view. Without warning, Mr. Bethany came up behind plaintiff and threw scalding hot water on him, burning the right side of his face, ear and eye, the right side of his shoulder and chest, and the right side of his back. Plaintiff screamed out in pain.

Officer Bradford was working the dayroom floor and Officer John Doe was working the picket; both officers were in charge of security in the dayroom that evening. Officer Bradford arrived and separated plaintiff from Mr. Bethany by placing him on a pathway outside. Plaintiff told Officer Bradford that he needed immediate medical attention because he was burned and his eye had been injured. Officer Bradford told him that he would have to get someone to escort him to the infirmary, but he then left to go search plaintiff's cell for a weapon based on allegations made by Mr. Bethany. After approximately twenty minutes, Lieutenant James and Sergeant Ybarra approached plaintiff on the walkway and asked him what he was doing outside. Plaintiff explained that he had been attacked and that he needed an escort to the infirmary. Sergeant Ybarra told him that someone would escort him to medical when they had time. Approximately twenty minutes thereafter, Officer McCoy (not a defendant), arrived and escorted plaintiff to the infirmary based on the orders of Lieutenant James and Sergeant Ybarra.

At the infirmary, plaintiff was met by Captain Joe Gonzales, and was seen by Nurse E. Perales. Captain Gonzales remarked that plaintiff's eye looked "messed up," but he told him "you'll be all right" in a dismissive manner. Nurse Perales gave plaintiff Ibuprofen for pain, put drops in his eye, and applied an eye patch. She then called Dr. Witt and advised her of plaintiff's condition. She cleared plaintiff to be housed in pre-hearing detention, which was a hot and

humid cell.

Plaintiff was not seen at the infirmary the rest of the night.  The next morning, plaintiff felt worse.  He saw himself in a mirror and was concerned by his injuries.  Later that morning, he was seen by Physician's Assistant Hudson, who commented that he should not have been placed in such a hot cell, and she moved him to a cell in the back of the infirmary.  In addition, she attempted to lance some of the blisters, applied an antibiotic ointment to his wounds, and applied bandages.  She administered eye drops, gave him one Tylenol #3, and told him that she was going to refer him to Hospital Galveston.  She then left, and did not return to check on plaintiff again.

Early on May 15, 2012, plaintiff was transferred to Hospital Galveston, arriving there between 6:00 and 7:00 a.m.  At Hospital Galveston, an eye technician started to remove plaintiff's eye patch but it was stuck, and a nurse was called.  The nurse was alarmed that plaintiff had not received free world medical treatment, and she indicated that he needed to be seen by the burn unit.  Plaintiff was taken to the burn unit where the doctor immediately started plaintiff on IV fluids, antibiotics, and sedation for pain.

Plaintiff was treated at Hospital Galveston for approximately one week.  He was then sent to an infirmary unit in Texas City to convalesce.  He stayed there until June 10, 2012, before he was returned to the McConnell Unit.

Plaintiff suffered from first and second degree burns on his face, neck and chest, and burns between second and third degree on his back.  The injury to his right eye affected his vision and he is now waiting for a vision test for evaluation of prescription eye glasses.  He has been instructed to not go in the sun for up to a year.  He is also suffering from trauma, post

traumatic stress disorder, for which he has been prescribed medication.  He seeks compensatory and punitive damages against defendants.

## II. DISCUSSION

Defendant Perales filed an answer in which she asserted she was entitled to qualified immunity.  (D.E. 34).  In this pending motion, she requests an order protecting her from responding to plaintiff's first set of interrogatories in light of her defense of qualified immunity. (D.E. 53, at 2).

Qualified immunity provides officials "not just immunity from liability, but immunity from suit," including discovery.  Vander Zee v. Reno, 73 F.3d 1365, 1368 (5th Cir. 1996) (citation omitted).  Indeed, the Fifth Circuit has concluded that "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'"  Id. at 1368-69 (citing Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994 & n.10 (5th Cir. 1995) (emphasis in original)).

The Fifth Circuit has explained that the Supreme Court's jurisprudence on the qualified immunity defense establishes "that qualified immunity does not shield government officials from all discovery, but only from discovery which is either avoidable or overly broad."  Lion Boulos v. Wilson, 834 F.2d 504, 507 (5th Cir. 1987) (emphasis added).  The court further elaborated on when discovery may be permitted despite the assertion of qualified immunity:

> Discovery orders entered when the defendant's immunity claim turns at least partially on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable nor overly broad.

Id. at 507-08.

Because plaintiff is an inmate, his action was screened pursuant to the Prison Litigation Reform Act.  See 28 U.S.C. § 1915A.  Based on his allegations of deliberate indifference by defendant Perales, his claims against her were retained.  See generally Atkins v. Bradford, No. C-12-331, 2012 WL 6132508 (S.D. Tex. Nov. 9, 2012) (unpublished).  Allegations of deliberate indifference to serious medical needs, as present here, *may* overcome a qualified immunity depending on the factual circumstances.

Generally, defendants have a right to protection from discovery based on a qualified immunity defense.  However, the Fifth Circuit has explained that a limited amount of discovery may be necessary related to the defense of qualified immunity.  Here, defendant Perales has not attached plaintiff's first set of interrogatories to her pending motion.  Moreover, she has not provided any argument why each of the specific interrogatories is unnecessary in plaintiff's addressing her defense of qualified immunity.

### III.  CONCLUSION

Accordingly, defendant Erica Perales's motion for a protective order, (D.E. 53), is DENIED without prejudice.

ORDERED this 24th day of April 2013.

_____
BRIAN  L.  OWSLEY
UNITED STATES MAGISTRATE JUDGE