UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EMMITT DEWAYNE ATKINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-331 |
| | § | |
| JOSEPH BRADFORD, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are the following motions: (1) Defendant Granados's motion for summary judgment (D.E. 65); (2) Defendant Whitt, Hudson, and Perales's (the medical defendants) motion to dismiss for failure to exhaust administrative remedies (D.E. 81); (3) The medical defendants' motion for summary judgment (D.E. 83); and (4) Plaintiff's motion for summary judgment (D.E. 88). On November 15, 2013, United States Magistrate Judge Jason B. Libby submitted a Memorandum and Recommendation recommending that: (1) Defendant Granados's motion for summary judgment be granted; (2) the medical defendants' motion to dismiss for failure to exhaust be denied; (3) the medical defendants' motion for summary judgment be granted; and (4) Plaintiff's motion for summary judgment be denied. D.E. 91  Plaintiff timely filed his objections on December 2, 2013 (D.E. 92), objecting to the granting of the medical defendants' motion for summary judgment and the denial of his motion for summary judgment. Plaintiff's objections all relate to the adequacy of the medical treatment he received.

To state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "Unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012). Here, Plaintiff cannot defeat the medical defendants' motion for summary judgment because all of his objections concern his disagreement with the treatment he received at the McConnell Unit, and mere disagreement about the course of medical treatment does not constitute deliberate indifference. Plaintiff's allegations regarding his medical treatment are not sufficient to raise a genuine issue of material fact on whether the medical defendants acted with deliberate indifference to his serious medical needs. Therefore, Plaintiff's objections are **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant Granados's motion for summary judgment (D.E. 65) is **GRANTED**, the medical defendants' motion to dismiss

(D.E. 81) is **DENIED**, the medical defendants' motion for summary judgment (D.E. 83) is **GRANTED**, Plaintiff's motion for summary judgment (D.E. 88) is **DENIED**, and this action is **DISMISSED** with prejudice.

ORDERED this 11th day of February, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE